Evans, J.
delivered the opinion of the Court.
By our law the widow is entitled to dower in all the land whereof the husband is seized at any time during the cover-ture. By the law of Georgia, she is only entitled to dower iri the lands whereof the husband died seized. The question made by the plea and demurrer in this case is whether the plaintiff, (whose husband was domiciled in Georgia, and died there,) is entitled to dower in land in this Stale, which he had aliened in his life time. In the argument no case directly in point was cited, but the principles on which the decision must be made are few and of easy application. The first question is, what is the nature of an estate in dower? Blackstone, following Littleton and the old writers on the common law, classes it with estates of freehold, not of inheritance, and defines it to be, where-the husband of a woman dies seized of an estate of inheritance, she shall have the third part of all lands and tenements, whereof he was seized at any time during the coverture, to hold to herself during her life. To the same same effect is Cruise, and Kent, and all the modem commentators on the law of real estate. The estate in dower is every where treated of as an estate in lands, tenements and hereditaments. I do not fiud any authority to say that, before her dower is admeasured a widow is seized as joint tenant or tenant in common with the heir, and it may be that until her dower is laid off to her, it is a chose in action, as was argued at the bar. But it is nevertheless a legal right enforceable by a well known remedy. In Jacob’s Law Dictionary, title chose, it is said — “ if one disseize me of my land, my right or title of entry into the land, or action for it, is a chose in action.” In such case the title to the land remains unchanged in character, but the remedy to gain possession is a chose in action. The action for dower is a local action, and a tenant in dower may, as well as all others entitled to possession, bring trespass or trespass to try title against an intruder upon her possession or right of possession. For these reasons I. think it very clear, that dower belongs to that division of estates called real, as distinguished irom personal, or a mere chattel interest. The next question is, whether it is to be governed by the law of Georgia, where the husband was domiciled at his death, or the law of this State, where the lands are situated. I think it may be laid .down as a general rule that every government may lawfully legislate in relation to all persons and every description of property within its jurisdiction. It is the law of most, if not all civilized nations, that personal estate, being in legal contemplation at least in attendance on the person of the owner, is regulated as to its mode of transmission from one person to another by the law of the country where the owner had his domicil at the time. So universally is this the law that some writers have consider *564 ed it a part of the international law. But the principle de-rjves no force from the fact that it is the law of other countries, but because it is the municipal law of the country in which the chattels are situated. In the case of Burtwhistle v. Vardell, Abbott, C. J. said — “ there is no authority for saying the law of England gives way to the law of any foreign country. But that it is a part of the law of England that personal property should be distributed according to the law of the domicil” But neither in England nor in this State is it a part of the law, that the law of the domicil has any effica-CY where the subject is real estate. In Story de con. leg. it is said that “ title to real property can be acquired and lost according to the lex loci r.ei sliceand at sec. 427 he says that “ Vattel has laid it down as a principle of international law that immoveables are to be disposed of according to the law of the country where they are situated.” In Burtwhisle v. Vardell, Abbott, C. J. said — “ the simple question is, who is heir to the land by the law of England? The rule as to the law of the domicil has never been extended to real property, nor have I found in the decisions in Westminster Hall any dictum giving countenance to the idea that it ought to be so extended. There being no authority for saying that the right of inheritance follows the law of the domicil, I think it must follow that of the country where the land lies.”
5 B. & C. 438.
cy 10, see. 424.
The subject is fully discussed in tlhe 10th c. of Story de con. legum, and all the authorities are collected, by which it is fully established that the law of the .situs shall prevail in all questions relating to real estate, whether .the controversy rebate to the capacity of persons to take and transfer, to the forms and solemnities of passing the title, to the extent of the interest to be taken or transferred, or to the subject matter, or what ar.e to be deemed immoveables. At section 448 the author .says — “ No estate can be acquired by operation of law in .any other manner, or to any other extent, or by any other means, than those prescribed by the lex rei sites1' “Thus if .the law of a State where a man was domiciled at the time of his death, should confer a title of dower on his wife, though an alien, that would not prevail in any other State where an alien was not dowable.” And for the same reason, the law of the State of Georgia, abridging the demandant’s right of dower, can have no effect in depriving her of a right clearly belonging to her by the laws of this State. I am therefore of opinion that defendant’s sixth plea was no bar to the de-mandant’s action, and that the demurrer should have been sustained. The motion to reverse the decision of the Circuit' Court is therefore granted.
Richardson, J. — O’Neall, J. — Wardlaw, J. — and Frost, J. — concurred.

Motion granted.